

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00305-CV

IN RE EDWARD JAYCOX, RELATOR

Original Proceeding

October 26, 2015

## MEMORANDUM OPINION

### Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Relator, Edward Jaycox, filed a petition for writ of mandamus. By letter dated August 28, 2015, Jaycox was notified that the filing fee of $145 had not been paid. This letter notified Jaycox that he could either pay this fee or file an affidavit of indigence by September 8 to prevent dismissal of the original proceeding. Jaycox was further advised by this letter that, if he filed an affidavit of indigence, he must also file an affidavit relating to previous filings and a certified copy of his inmate trust account. On September 8, this Court received correspondence from Jaycox that includes a document that substantially complies with the requirements of an affidavit of indigence and a certified copy of his inmate trust account. However, this correspondence did not

include an affidavit relating to previous filings. As such, by letter dated September 11, this Court again expressly notified Jaycox that he must "file an affidavit relating to previous filings that complies with Texas Civil Practice and Remedies Code section 14.004(a)(1), which requires an inmate who files an affidavit of inability to pay costs to identify "each action, other than an action under the Family Code, previously brought by the person and in which the person was not represented by an attorney, without regard to whether the person was an inmate at the time the action was brought . . . ." TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(a)(1) (West Supp. 2014). This letter informed Jaycox that failure to file the required affidavit relating to previous filings by October 1 will result in dismissal of this original proceeding. Despite two notices expressly advising Jaycox of his duty to file an affidavit relating to previous filings and a reasonable time in which to comply with this Court's request, Jaycox has failed to pay the filing fee.

Consequently, Jaycox's petition for writ of mandamus is dismissed.


Mackey K. Hancock
Justice